# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

LAURA L. LOVORA,

        Plaintiff,

    v.                                        Case No. 08-CV-292

TOYS "R" US-DELAWARE, INC.,
and GOLDEN RULE INSURANCE COMPANY,

        Defendants.

_____

# ORDER

On February 25, 2008, plaintiff Laura L. LoVora, ("LoVora"), filed a summons and complaint in Waukesha County Circuit Court seeking damages against defendant Toys "R" Us-Delaware, Inc. ("Toys "R" Us") for injuries sustained when a box fell on her at a Toys "R" Us property. Defendant Golden Rule Insurance Company ("Golden Rule") issued a health insurance policy to LoVora, and seeks recovery of expenses incurred by LoVora as a result of her injuries. On April 4, 2008, Toys "R" Us filed a notice of removal in the United States District Court for the Eastern District of Wisconsin pursuant to 42 U.S.C. §§ 1441, 1446 and 1332. Both defendants have answered the complaint, and the court issued a scheduling order on May 15, 2008. Toys "R" Us has filed three motions all relating to plaintiff's expert witness disclosures.

Toys "R" Us moves to preclude plaintiff from introducing expert testimony or, in the alternative, for an order mandating compliance with Fed.R.Civ.P. 26(a) and

for relief from the scheduling order. (Docket #15). Toys "R" Us then moved to amend the scheduling order, claiming that LoVora's failure to meet the expert disclosure requirements has delayed discovery. (Docket #17). Finally, Toys "R" Us moved to quash a subpoena issued to one of LoVora's experts commanding him to appear at a deposition on November 4, 2008. (Docket #19). Toys "R" Us claims that it did not receive advance notice of the deposition, and received the subpoena on October 27, 2008.

Toys "R" Us's motion to preclude was made pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure. Toys "R" Us alleges that LoVora failed to provide reports and other information from two treating physicians LoVora named as expert witnesses. LoVora responds that one of the treating physicians is not testifying as an expert and that the other physician has refused to cooperate. (Opp'n Br., Docket #21). Before considering the merits of the motion, the court directs the parties to Civil Local Rule 37.1, which requires the following:

> All motions for discovery pursuant to Fed.R.Civ.P. 26 through 37 must be accompanied by a written statement by the movant that, after personal consultation with the party adverse to the motion and after sincere attempts to resolve their differences, the parties are unable to reach an accord. The statement must also recite the date and time of such conference and the names of all parties participating in it.

Civil L.R. 37.1. Counsel for Toys "R" Us filed a declaration stating that she had conferred via telephone with plaintiff's counsel and that plaintiff's counsel agreed to supplement plaintiff's Rule 26(a) disclosures. (Docket #14). This statement does

not demonstrate that the parties have a sincere discovery dispute. The court has neither the obligation, nor the inclination to act as a referee in every spat that may arise between the parties during discovery. Toys "R" Us has failed to demonstrate to the court that it has complied with Local Civil Rule 37.1. Therefore, the court denies plaintiff's motion to preclude. (Docket #15).

With respect its motion to quash, Toys "R" Us claims that a subpoena issued to Dr. T.P. Ravichandran fails to allow a reasonable time to comply. Fed.R.Civ.P. 45 ("Rule 45") allows a court to quash or modify a subpoena that "fails to allow a reasonable time to comply." This rule was meant to protect witnesses from misuse of subpoena power, not to protect the questioners of witnesses. *See* Fed.R.Civ.P. 45(c) advisory committee note. Moreover, outside of the context of a party claiming attorney-client privilege or some other personal right, only persons to whom subpoenas are directed have standing to challenge their validity through a motion to quash through Rule 45. *See Hunt Int'l Resources Corp. v. Binstein*, 98 F.R.D. 689, 690 (N.D.Ill. 1983) (citations omitted); *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979). Finally, Toys "R" Us has not provided the court with a copy of the subpoena it asks the court to quash. Therefore, the court is obliged to deny defendant's motion to quash. (Docket #19).

Toys "R" Us has also filed a motion to amend the scheduling order. In support of its motion, Toys "R" Us states that delays in disclosures and depositions of plaintiff's witnesses have delayed the parties ability to meet future deadlines. In its

-3-

May 15, 2008, scheduling order, the court noted that it would grant no more than one amendment, and then only if good cause is shown upon a motion filed not less than 60 days prior to the expiration of the cutoff date sought to be modified. (Order, May 15, 2008, Docket #9). Toys "R" Us seeks to extend the remaining deadlines 60 days, including a November 2nd deadline for defendant to submit plaintiff to a medical exam. Despite the proximity of defendant's motion to the next deadline, the court finds good cause and grants defendant's motion to modify the scheduling order. No further extensions will be granted.

Accordingly,

**IT IS ORDERED** that defendant's motion to preclude (Docket #15) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that defendant's motion to quash the subpoena of Dr. T.P. Ravichandran (Docket #19) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that defendant's motion to amend the scheduling order (Docket #17) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the May 15, 2008 Scheduling Order (Docket #9) be and the same is hereby **AMENDED** as follows:

1.     Defendant shall have until **December 30, 2008**, to submit the plaintiff to an independent medical examination;

2.     Defendant's expert reports shall be due on **January 14, 2009**;

3.      Defendant shall make its retained expert witnesses available for depositions and have depositions completed by **February 13, 2009**.

All other deadlines in the court's May 15, 2008 Scheduling Order shall remain in effect.

Dated at Milwaukee, Wisconsin, this 31st day of October, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge